**David SMITH, A 22 210 015, and Everette Smith, A 22 210 011, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 77–2574.**

United States Court of Appeals, Third Circuit.

Argued Sept. 29, 1978.

Decided Nov. 1, 1978.

Richard D. Steel, Wasserman, Orlow, Ginsberg & Rubin, Philadelphia, Pa., for petitioners.

Philip Wilens, Chief, Government Regulations & Labor, Section, Crim. Div., James P. Morris, Atty., Chester J. Halicki, Atty., Dept. of Justice, Washington, D. C., for respondent.

Before ROSENN and WEIS, Circuit Judges, and FISHER, District Judge.*

---

\* Clarkson S. Fisher, United States District Judge for the District of New Jersey, sitting by designation.

1. On or about July 25, 1978, petitioner Everette Smith departed the United States on a grant of

## OPINION OF THE COURT

PER CURIAM:

This appeal is a twofold proceeding: (1) a petition to review an order of the Board of Immigration Appeals dismissing appellants' appeal from a decision of the immigration judge finding them deportable as charged and granting them the privilege of voluntary departure; and (2) an appeal from a judgment of the United States District Court for the Eastern District of Pennsylvania dismissing appellants' petition for writ of habeas corpus for lack of jurisdiction or alternatively denying the petition on its merits.

Petitioners were arrested by officers of the Immigration and Naturalization Service as aliens who had overstayed their visitors' period. At a deportation hearing held to determine why they should not be deported, petitioners, upon order of the immigration judge, answered certain questions conceding deportability. In view of this concession no other evidence was required. The petitioners were authorized to depart voluntarily, failing which they were ordered deported to Antigua. After an unsuccessful appeal to the Board of Immigration Appeals, the petitioners petitioned for a writ of habeas corpus in the Eastern District of Pennsylvania and also filed a petition for review of the Board's order with this court. The district court dismissed the petition for habeas corpus for lack of jurisdiction and alternatively denied the petition on its merits. The appeal from the judgment of the district court and the petition for review were consolidated and heard in this court.[1] We dismiss the appeal from the judgment of the district court and we deny the petition for review.

■ In addition to his argument that the district court erred in failing to exercise

voluntary departure and upon motion of her counsel, her appeal from the judgment of the district court was dismissed and her petition for review was denied.

habeas corpus jurisdiction, Smith's primary contentions in this court are that (1) his fourth and fifth amendment rights were violated by the coercion of testimony at the deportation hearing, and (2) it was error to deny the motion to suppress evidence obtained at the time of his allegedly illegal arrest.

Smith's contention that the immigration judge should not have required Smith or his wife to answer questions which established their deportability is without merit. A deportation proceeding is civil in nature, not criminal. Thus, an alien can be required to answer questions about his status and his right to remain in the country, as long as the answers would not subject him to criminal liability. These responses can be used to prove deportability. *See United States ex rel. Bilokumsky v. Tod,* 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed.2d 221 (1923); *Chavez-Raya v. Immigration & Naturalization Service,* 519 F.2d 397 (7th Cir. 1975). In addition, the entire proceeding could not be rendered invalid by the allegedly illegal arrest. *Wong Chung Che v. Immigration & Naturalization Service,* 565 F.2d 166, 168 (1st Cir. 1977).

■ Smith's contention that he was entitled to a hearing on the motion to suppress illegally seized evidence also has no merit. This motion was denied by the immigration judge. Because the challenged evidence was not in fact introduced, this issue is moot.

In view of our decision on the merits of the petition for review, we need not reach the issue concerning the district court's jurisdiction to entertain the petition for habeas corpus. We will enter a separate order dismissing the appeal from the judgment of the district court.

The petition for review of the order of the Board of Immigration Appeals will be denied.