**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2262
_____

SAMANTHA CORAL CRUZ MARTINEZ, AKA Angela Cruz,
                                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                            Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(A043-793-262)
Immigration Judge: Irma Lopez Defillo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 17, 2019
_____

Before: GREENAWAY, JR., SHWARTZ, and PORTER,
*Circuit Judges.*

(Filed: July 26, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

PORTER, *Circuit Judge*.

Samantha Cruz Martinez petitions this Court for review of a decision by the Board of Immigration Appeals affirming the denial by the immigration judge ("IJ") of her motion for cancellation of removal. For the reasons discussed below, we will deny in part and dismiss in part Cruz's petition.

## I

Cruz is a native and citizen of Mexico. She was brought to the United States when she was a young child and was later admitted as a lawful permanent resident. She has little connection to Mexico; most of her family now lives in the United States. Cruz has had two romantic relationships, both of them abusive. Those relationships produced six children, but Cruz does not have custody over any of her children. Her parents have custody over her three oldest, her sister over the next two, and the State of New Jersey over the youngest.

Cruz has a history of drug abuse and tested positive for using heroin while nursing her youngest child. She has never successfully completed a drug rehabilitation program, though she has attempted several. She has no history of steady employment and has not paid taxes.

Cruz does, however, have an extensive criminal history. As a juvenile, she was charged with possession of a weapon in an educational institution. This charge was ultimately downgraded, and she was placed on probation for one year. As an adult, she has been convicted of shoplifting in 2003, aggravated assault in 2010, shoplifting again in 2010, and possession and distribution of cocaine near a school in 2014.

In 2017, the Department of Homeland Security initiated removal proceedings against Cruz under 8 U.S.C. § 1227(a)(2)(B)(i) and § 1227(a)(2)(A)(iii), based on Cruz's 2014 conviction. Cruz conceded that she was removable but sought relief by moving for cancellation of removal. The IJ, sitting in Puerto Rico, heard testimony from Cruz, who was in New Jersey, by video conference on November 13 and 22, 2017. The IJ determined that Cruz's conviction was not an aggravated felony and found that Cruz had suffered some hardships in her life. The IJ further recognized that Cruz maintained the support of family and friends in the United States but lacked family and resources in Mexico. Even so, weighing those considerations against her criminal record, her history of drug abuse, and her inability to care for her own children, the IJ concluded that Cruz was still ineligible for cancellation.

Cruz appealed, and the Board affirmed. She now petitions this Court for review.

## II

We have jurisdiction to review final orders of removal under 8 U.S.C. § 1252, but the scope of our jurisdiction is narrow.[1] When the IJ denies relief from an order of removal as a matter of discretion, 8 U.S.C. § 1252(a)(2)(B)(i), or the order of removal is

---

[1] While we have jurisdiction over these proceedings, whether venue is proper presents a separate question. Under 8 U.S.C. § 1252(b)(2), "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Though Cruz's proceedings were docketed in New Jersey, and she gave testimony from New Jersey, the IJ conducted the hearing by video conference in Puerto Rico, which is in the First Circuit. But we need not resolve this issue here. Venue is not jurisdictional, *Khouzam v. Att'y Gen.*, 549 F.3d 235, 249 (3d Cir. 2008), and neither party has objected to the case proceeding in this Court.

filed against a criminal alien, our jurisdiction is limited to review of constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C)–(D).

## III

Cruz raises three claims of error in her petition for review. She argues, as she did before the Board, that (1) the IJ, and later the Board, improperly weighed the evidence before it and (2) the IJ violated her due process right to a meaningful opportunity to be heard. For the first time on appeal, Cruz also claims that (3) jurisdiction never vested in the IJ because of alleged defects in her notice to appear. Cruz's first contention does not raise a question of law, so we lack jurisdiction to consider it. While her second contention raises a constitutional claim, we are unpersuaded by the merits of her argument. Her third contention raises a question of law, but, under our recent precedent, this argument also fails. We will therefore deny in part and dismiss in part Cruz's petition.

## A

Cruz attempts to recast her first claim of error—that the Board, like the IJ, failed to properly consider the evidence before it—as a question of law. She asserts that it gave undue weight to her criminal history and drug abuse and insufficient weight to mitigating factors such as her history of being domestically abused, psychological issues, and attempts at rehabilitation. But this is not a legal issue. The record shows that the IJ in fact considered the evidence presented for and against Cruz, whether documentary or testimonial. The weight it gave to that evidence is a matter of discretion, not of law, and is therefore not reviewable by this Court. *See Jarbough v. Att'y Gen.*, 483 F.3d 184, 190 (3d Cir. 2007) ("Recasting challenges to factual or discretionary determinations as due

4

process or other constitutional claims is clearly insufficient to give this Court jurisdiction….”); *see also Saloum v. U.S. Citizenship & Immig. Servs.*, 437 F.3d 238, 244 (2d Cir. 2008) (per curiam) (court lacks jurisdiction to review argument that IJ failed to consider certain evidence, incorrectly weighed evidence, and reached the wrong conclusion); *Mehilli v. Gonzales*, 433 F.3d 86, 94 (1st Cir. 2005) (same).

**B**

Cruz's second claim of error—that the manner in which her cancellation hearing was conducted violated her due process rights—raises a constitutional claim, so we may review it.

The Due Process Clause of the Fifth Amendment guarantees that “[n]o person shall be … deprived of life, liberty, or property, without due process of law.” U.S. Const. amend. V. The Supreme Court has explained that “[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.” *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citations and quotations omitted). Cruz claims that she was deprived of her opportunity to be heard because the IJ received her testimony by video conference while sitting in Puerto Rico, during that territory's recovery from a hurricane, on the day before Thanksgiving. She also claims that the IJ erred by not inviting closing argument.

Cruz's arguments are unpersuasive. First, conducting removal hearings by video conference is among the processes specifically provided for by the Immigration and Naturalization Act. *See* 8 U.S.C. § 1229a(b)(2)(A)(iii). Receiving testimony in this way provides a meaningful opportunity for the alien to be heard, and Cruz has identified no

5

issues during her video conference that prejudiced her. *See Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003) (a due process violation requires demonstrating prejudice). Similarly, that hearings were held while Puerto Rico was recovering from a hurricane or that the hearings concluded the day before Thanksgiving did not deprive Cruz of a meaningful opportunity to be heard. And because removal proceedings are civil, not criminal, *Smith v. INS*, 585 F.2d 600, 602 (3d Cir. 1978) (per curiam), closing arguments are not constitutionally required, *Lancaster v. Collins*, 115 U.S. 222, 225 (1885); *see also Streber v. Hunter*, 221 F.3d 701, 733 (5th Cir. 2000) (noting that civil trials do not necessarily include the right to make a closing argument). Most importantly, the record shows that Cruz was able to present her evidence and that the IJ respectfully received and considered that evidence.

## C

Cruz's third claim of error—that the IJ lacked jurisdiction over her removal proceedings—raises a question of law. Based on her reading of the Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Cruz argues that jurisdiction never vested in the IJ because her original notice to appear lacked a specific time and place for her removal hearing. An IJ acquires jurisdiction over removal proceedings with the filing of, among other things, a notice to appear. 8 C.F.R. § 1003.14(a). In *Pereira,* the Supreme Court held that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." 138 S. Ct. at 2113–14. Based on a broad reading of this language, Cruz contends that the

original notice to appear she received was not a "notice to appear" as contemplated by statute, and so could not vest the IJ with jurisdiction.

We addressed and rejected this very argument in *Nkomo v. Att'y Gen.*, ___ F.3d ___, 2019 WL 3048577, at *1–3 (3d Cir. July 12, 2019).[2] We noted three reasons why the Supreme Court's *Pereira* decision should not be read so broadly. First, while the stop-time rule is directly tied to § 1229(a), the jurisdiction vesting regulation is not; in fact, § 1229(a) never mentions the IJ's jurisdiction. *Id.* at *3 (citing *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019)). Second, the Supreme Court emphasized the narrowness of its holding in *Pereira*, and we should be careful not to stretch its reach into areas unintended by that opinion. *Id*. And third, as suggested by *Pereira*, the notice to appear in the context of 8 C.F.R. § 1003.14 serves a different purpose than does a "notice to appear under section 1229(a)" in the context of the stop-time rule. *Id*. The notice to appear contemplated by the regulation is a charging document and, unlike the statutory notice to appear, this jurisdiction-vesting notice to appear need not include the specific time and place of the hearing. *Id*. (citing 8 C.F.R. § 1003.15(b), (c)).

---

[2] As we noted in that opinion, all circuits to address this argument have likewise rejected it. *See Ortiz-Santiago v. Barr*, 924 F.3d 956, 962–64 (7th Cir. 2019); *Ali v. Barr*, 924 F.3d 983, 985–86 (8th Cir. 2019); *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019); *Soriano-Mendosa v. Barr*, 768 F. App'x 796, 801–02 (10th Cir. 2019); *Santos-Santos v. Barr*, 917 F.3d 486, 489–90 (6th Cir. 2019); *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–61 (9th Cir. 2019); *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 314–15 (6th Cir. 2018); *Leonard v. Whitaker*, 746 F. App'x 269, 269–70 (4th Cir. 2018) (per curiam); *United States v. Perez-Arellano*, 756 F. App'x. 291, 294 (4th Cir. 2018) (per curiam).

*Nkomo* controls our analysis; the absence of a date and time in the notice to appear has no impact on the IJ's jurisdiction.

## IV

The IJ had jurisdiction over Cruz's removal proceedings and her subsequent motion for cancellation. Cruz has failed to show any violation of her due process rights. The IJ properly received and considered the evidence for and against Cruz, and we will not second-guess its evaluation of that evidence. For these reasons, we will deny in part and dismiss in part Cruz's petition.